IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                            No. CR 10-2379 JB

BENITO NIEBLA-GONZALEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed November 3, 2010 (Doc. 20). The Court held a sentencing hearing on November 4, 2010. The primary issue is: (i) whether Defendant Benito Niebla-Gonzalez' Presentence Investigation Report, disclosed September 27, 2010 ("PSR") should be updated to reflect the dismissal of a pending charge for battery against a household member; (ii) whether Niebla-Gonzalez should receive credit for all un-credited time spent in official detention since he was found in the United States on June 10, 2010; and (iii) whether Niebla-Gonzalez should be sentenced to a term of 6 months. The Court orders Niebla-Gonzalez' PSR updated to reflect the dismissal of the pending charge and that none of the time Niebla-Gonzalez has spent in official custody has been credited against any other charge, and sentences Niebla-Gonzalez to a term of 6 months.

The United States Probation Office ("USPO") disclosed a PSR for Niebla-Gonzalez on September 27, 2010. Niebla-Gonzalez objects that paragraph 32 of the PSR states he has a pending charge of battery against a household member, because the charge has been dismissed. The USPO has confirmed that the charge has been dismissed, and the United States does not object to updating

the PSR to reflect the dismissal. The Court, therefore, orders the PSR updated to reflect that the charge of battery against a household member has been dismissed.

Niebla-Gonzalez also requests credit for all of the time he has spent in state and federal custody since he was found in the United States on June 10, 2010. Niebla-Gonzalez was arrested in Santa Fe for driving on a suspended license, and he was incarcerated in the Santa Fe County Detention Center on June 10, 2010. The same day Niebla-Gonzalez was incarcerated, officers with Immigration and Customs Enforcement ("ICE") determined that Niebla-Gonzalez was illegally present in the United States and lodged an immigration detainer. The charges for driving on a suspended license were ultimately dismissed, and Niebla-Gonzalez was delivered into federal custody on July 7, 2010. Niebla-Gonzalez requests that the Court credit him for all of the time he has spent in state and federal custody.[1] Niebla-Gonzalez' PSR face sheet accurately states that ICE agents filed the detainer on June 10, 2010. Niebla-Gonzalez requests that the Court add a sentence to the face sheet of his PSR stating that the time Niebla-Gonzalez spent in state custody has not been credited towards any other sentence. The United States does not object to adding the language to the face sheet. The Court finds that Niebla-Gonzalez' time in state custody has not been credited towards any other sentence. The Court, consequently, will order that a sentence be added to Niebla-Gonzalez' face sheet stating that the time Niebla-Gonzalez spent in state custody from June 10 to and July 7, 2010, has not been credited towards any other sentence.

---

[1] The Court cannot calculate in a binding manner or grant credit for presentence confinement -- that is the Bureau of Prison's task. See United States v. Storm, 281 F. App'x 830, 832 (10th Cir. 2008)("Requests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241 . . . ." (quoting Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000)(alterations in original)). Nevertheless, the Court will make certain that the front sheet accurately reflects Niebla-Gonzalez' arrest, detainer, and custody information, so that the BOP can give him the credit to which he is entitled.

In the PSR, the USPO calculated Niebla-Gonzalez' offense level to be 10 and his criminal history category to be III, establishing a guideline imprisonment range of 10 to 16 months. There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 2-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 8 and a criminal history category of III establishes a guideline imprisonment range of 6 to 12 months. Niebla-Gonzalez requests a sentence of 6 months with credit for time served. The United States also asks for a sentence of 6 months.

The Court notes that Niebla-Gonzalez illegally reentered the United States after a felony conviction for possession of a controlled substance. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment that is set forth in the guidelines is appropriate for this sort of offense. The Court finds that a sentence of 6 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167,

1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Niebla-Gonzalez' criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 6 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

The Court will exercise its discretion pursuant to U.S.S.G. § 5D1.1 not to impose a term of supervised release. The Court recommends that the Immigration and Customs Enforcement begin immediate removal proceedings. Based on Niebla-Gonzalez' minimal financial resources, the Court will not impose a fine. Based upon the United States' willingness to waive the special assessment, the Court will not require the defendant to pay a special assessment of $100.00, which is normally due immediately.

**IT IS ORDERED** that: (i) paragraph 32 of Defendant Benito Niebla-Gonzalez' Presentence Investigation Report ("PSR") shall be updated to reflect the dismissal of the charge for battery against a household member; (ii) the face sheet of the PSR shall be amended to state that the time Niebla-Gonzalez spent in state custody from June 10, 2010 to July 7, 2010, has not been credited towards any other sentence; and (iii) the Court sentences Niebla-Gonzalez to a term of 6 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzalez
  United States Attorney
Paige Messec
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Erlinda O Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

*Attorneys for the Defendant*